UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rachel Hamilton,

        Plaintiff,

v.

Commissioner of Social
Security,

        Defendant.
_____/

Case No. 10-10605

Honorable Sean F. Cox

OPINION & ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Plaintiff Rachel Hamilton filed this action under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying her application for Disability Insurance Benefits. The matter is before the Court for consideration of Plaintiff's objections to a Report and Recommendation ("R&R") regarding the parties' cross-motions for summary judgment. In his December 3, 2010 R&R, Magistrate Judge Whalen recommends that the Court grant Defendant's Motion for Summary Judgment and Deny Plaintiff's Motion for Summary Judgment. For the reasons that follow, the Court **OVERRULES** the objections filed by Plaintiff and shall **ACCEPT** and **ADOPT** the R&R in its entirety.

BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB"), under the Social Security Act, on March 8, 2007. (TR. at 3, Doc. No. 7). Plaintiff claimed a disability onset date of June 26, 2006. *Id*. Plaintiff's claim was denied on June 19, 2007, and she filed an appeal on August 13, 2007. *Id*. On June 16, 2009, Administrative Law Judge B. Lloyd Blair ("ALJ") held a hearing

1

regarding Plaintiff's appeal of her denial of DIB benefits. *Id*. at 21. On July 27, 2009, the ALJ issued a decision, finding Plaintiff is not disabled under the sections 216(i), 223(d), or 1624(a)(3)(A) of the Social Security Act. *Id.* at 20. Based upon the testimony of a vocational expert, Plaintiff's age, education, and residual functional capacity ("RFC"), the ALJ determined that Plaintiff could not perform her past relevant work, but that she is capable of performing medium-exertion work that exists in significant numbers in the national economy. *Id.* On December 17, 2009, the Appeals Council denied review of Plaintiff's claim. *Id*. at 1. On February 11, 2010, Plaintiff filed a complaint in this Court. (Doc. No. 1). On June 2, 2010, Plaintiff filed her motion for summary judgment. (Doc. No. 12). The Commissioner filed a cross-motion for summary judgment on July 20, 2010. (Doc. No. 13)

On January 26, 2009, Magistrate Judge Whalen issued his R&R (Doc. No. 16) which recommends that the Court grant Commissioner's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.[1]

In his R&R, Magistrate Judge Whalen first concluded that the ALJ sufficiently considered Plaintiff's obesity in his analysis, and that the facts in this case do not present grounds for remand. (R&R at 13). Second, Magistrate Judge Whalen found that the ALJ's rejection of the findings of Plaintiff's treating physician was well-supported by Plaintiff's contradicting statements throughout her medical record. *Id*. at 14. Third, the magistrate judge found that the ALJ's credibility determination was supported by substantial evidence, and that he provided a number of specific reasons for his credibility determination, in accordance with SSR

---

[1] The underlying facts of this case are fully set forth in the R&R and will not be restated here.

96-7p. *Id*. at 14-16. Finally, Magistrate Judge Whalen found that the ALJ's determination that Plaintiff is not disabled from all work is "well within the 'zone of choice' accorded to the fact-finder," and the determination did not warrant remand. *Id*. at 18-19.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id*.

Plaintiff filed timely objections to the R&R on February 17, 2009. (Doc. No. 15). Defendant did not filed a response to Plaintiff's objections.

## ANALYSIS

In her Objection, Plaintiff claims: (1) the ALJ failed to assess the effects of Plaintiff's obesity in combination with her other impairments; (2) the ALJ failed to give sufficient weight to Plaintiff's treating doctors; (3) the Magistrate Judge erred in agreeing with the ALJ's credibility determination; and (4) the ALJ erred in his Step 3 analysis, which is whether Plaintiff's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404.

This Court agrees with Magistrate Judge Whalen's conclusion that, under the applicable substantial evidence standard, the ALJ's determination in this matter is well within the "zone of choice" accorded to the administrative fact-finder. (TR. at 17-18). Plaintiff cites a number of unpublished cases in which ALJs' obesity determinations were remanded because the ALJs

failed to assess the applicants' obesity in combination with the applicants' other conditions. In all of those cases the DIB applicants had additional physical conditions which were aggravated by obesity. In this case, however, all of Plaintiff's other conditions are psychological. Plaintiff failed to explain how the facts in her supporting cases apply to the instant case. Moreover, the ALJ in this case specifically discussed Plaintiff's obesity and its effects on her shortness of breath, ability to move up and down stairs, and effect on her self-consciousness and social-anxiety. The ALJ applied these restrictions when determining Plaintiff's residual functional capacity. *Id*. at 14.

It was also within the "zone of choice" to give less credibility to Plaintiff's treating physicians. The administrative record shows that Plaintiff's examination results were inconsistent between physicians. There was substantial evidence to show that Plaintiff did not have marked restrictions of activities of daily living or concentration, or repeated episodes of decompensation, as required by listing 12.04. Moreover, Plaintiff's daily activities, such as caring for herself, performing household chores, and regularly attending college classes contradicted the conclusions made by her treating physicians.

With respect to Plaintiff's objection regarding the ALJ's credibility determination, the Plaintiff merely asserts that the ALJ's credibility determination "is contrary to law." (Objection at 8). Plaintiff fails to assert exactly how the ALJ's determination is contrary to law. Deference should be given to an ALJ's credibility determination. *Casey v. Secretary of Health and Human Services*, 987 F.3d 12340, 1234 (6th Cir. 1993). The Court finds that the administrative record provides substantial evidence to support the ALJ's credibility determination.

Finally, the Court finds that the ALJ's determination that Plaintiff is not disabled,

pursuant to the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, is also within the ALR's "zone of choice." Again, based upon the differing prognoses of the physicians discussed in the administrative record, and Plaintiff's daily activities that are contradictory to Plaintiff's subjective complaints, there is substantial evidence that Plaintiff is not disabled under Listing 12.04 or 12.08.

## CONCLUSION

Accordingly, IT IS ORDERED that Magistrate Judge Whalen's December 3, 2010 R&R is ADOPTED and Plaintiff's Objections are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager